IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RASHAAN NYASA TANNER; family [Tanner], | ) ) ) ) |
| Petitioner, | ) ) ) C.A. No. 21-685 (VAC) |
| v. | ) ) ) |
| BILL FRITZLEN, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Rashaan Nyasa Tanner, Inglewood, CA – *Pro Se* Petitioner

David C. Weiss, United States Attorney, and Jacob Laskin, Assistant United States Attorney, Wilmington, Delaware.  Counsel for Respondent

August 31, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Petitioner Rashaan Nyasa Tanner ("Petitioner"), who appears *pro se*, filed this action as a petition for writ of mandamus. (D.I. 1). Currently pending is Respondent Bill Fritzlen's motion to dismiss, opposed by Petitioner. (D.I. 12). The matter is fully briefed. (D.I. 12, 13, 14, 15)

## I.    BACKGROUND

The following facts are taken from the Petition and assumed to be true for purposes of deciding the pending motion. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Petitioner lives in California. (D.I. 1 at 2). This is action is brought against Bill Fritzlen, a Department of State officer in the Special Consular's Office in Washington, D.C. (*Id*. at 1, 3). The Petition asserts jurisdiction by reason of U.S.C. Title 22-Foreign Relations and Intercourse. (*Id*. at 3).

Petitioner "declares he is a citizen held hostage/imprisoned by a foreign government" by "*i.e.* the rogue Delaware Corporation, the State of California and its agents and Kevin Halligan and Brenda Burns" all of whom do not have a congressional mandate to do so. (*Id*. at 2-3). It goes on to allege that the State of California is operating against the laws of Delaware. (*Id. a*t 3). Petitioner asks the Court is issue a Writ of Mandamus or, in the alternative, to procure his unconditional release. (*Id*. at 1).

Respondent moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (D.I. 12).

## II.    LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d

333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the petitioner's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the petitioner's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### III. DISCUSSION

Respondent observes that although the Petition is styled as a "Writ of Mandamus" it appears Petitioner is attempting to file a writ of habeas corpus seeking his release from incarceration. (D.I. 12 at 2). Respondent moves for dismissal for lack of subject matter jurisdiction on the grounds that the District of Delaware is not Petitioner's district of confinement; he did not identify any state court proceedings seeking habeas relief and this Court lacks jurisdiction due to Petitioner's failure to exhaust state court remedies; and Petitioner seeks relief from the wrong party. In turn, Petitioner responds that he is "not incarcerated in any institution of physical incarceration at this time." (D.I. 13 at 3). He states that he commenced this action "to enforce the performance of public duties by public authorities (Special Consular Bill Fritzlen) of all kinds." (*Id.*). Petitioner argues that Respondent "is personally responsible for recording the appropriate documents necessary for creating all corporations created for each state within the United State of America pursuant to the State of Delaware Legislature." (*Id*. at 4). While not clear, it may be that a case was filed against Petitioner in the State of California for payment of a debt followed by entry of default judgment. (*Id*. at 6). Petitioner contends this Court "has jurisdiction over

corporations such as the Superior Court of Los Angeles, California, South Central District, which are (or are to be incorporated by law) incorporated in the State of Delaware and since the State of California and its Courts must be incorporated in the State of Delaware as a State of the United States of America, and said incorporation must be filed with the Department of State, specifically with United States Special Consulars [sic] Office." (*Id*. at 5). Petitioner states that he was unlawfully incarcerated by the State of California under account number TA054430, for a debt under a void default judgment because the aforementioned court lacked lawful jurisdiction over him. (*Id.* at 7). He asks the Court to issue an order voiding the aforementioned cause from the beginning. (*Id*.).

In light of Petitioner's response, Respondent argues that the case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) as well as 12(b)(6) for failure to state a claim upon which relief can be granted as Petitioner indicates that he is not in custody and seeks to enforce the performance of public duties by Respondent. (D.I. 14 at 1-2).

To the extent Petitioner seeks a petition for a writ of mandamus, the allegations fall short. Pursuant to 28 U.S.C. § 1361 "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is generally considered "a drastic one, to be invoked only in extraordinary situations" where government officials have clearly failed to perform nondiscretionary duties. *Kerr v. U.S. District Court*, 426 U.S. 394, 402 (1976); *see also Cheney v. United States Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004). To obtain mandamus relief, a plaintiff must demonstrate the lack of any other adequate remedy. *Mallard v. U.S. District Court for So. District of Iowa*, 490 U.S. 296, 309 (1989); *see also Mote v. United States Dist. Ct. for Middle Dist. of Pennsylvania*, 858 F. App'x 39, 40 (3d Cir. 2021), *cert. denied*,

3

142 S. Ct. 906 (2022). Additionally, writs of mandamus are only available to compel "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Harmon Cove Condominium Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987).

The Petition fails to show that Respondent, a State Department employee, owes any duty to Petitioner. Nor does the Petition demonstrate the lack of any other adequate remedy. In addition, Petitioner indicates that he wants this Court to void an order entered by the State of California. This Court does not have jurisdiction to void an order entered in the State of California. Moreover, to the extent Petitioner seeks release from custody as alleged in the Petition,[1] he has the option of seeking habeas relief.

To the extent Petitioner seeks relief in the form of release from custody from the State of California, there is no indication that Petitioner was convicted and/or sentenced in Delaware. A petitioner may bring his application for a writ of habeas corpus "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). "The plain language of the habeas statute [] confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). This Court does not have jurisdiction to grant the relief Petitioner seeks.

---

[1] In his petition, Petitioner asks the Court to issue a Writ of Mandamus or, in the alternative, to procure his unconditional release. (D.I. 1). In his reply, however, Petitioner represents that he is not incarcerated at this time. (D.I. 13). As it is unclear what relief Petitioner is seeking, the Court addresses each issue raised by Petitioner in his petition.

In addition, Respondent cannot provide Petitioner the relief he seeks. The proper respondent in a habeas petition is "the person who has custody over the petitioner." *Rumsfeld*, 542 U.S. at 434. The Petition does not alleges that Respondent is that person. Rather, it alleges that he is an employee of the Department of State in Washington, D.C.

As pleaded, the Petition fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Respondent's motion to dismiss will be granted. It is not plausible that Plaintiff may be able to articulate a claim against Respondent and, therefore, this Court finds amendment futile.

### IV.  <u>CONCLUSION</u>

For the above reasons, the Court will grant Respondent's motion to dismiss. (D.I. 12). Amendment is futile.

An appropriate order will be entered.